JS-6

FILED
CLERK, U.S. DISTRICT COURT

JUL 29 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

James H. Berry, Jr. (State Bar No. 075834)
Kevin R. Lussier (State Bar No. 143821)
BERRY & PERKINS
A Professional Corporation
2049 Century Park East, Suite 950
Los Angeles, California 90067-3134
Tel. (310) 557-8989
Fax. (310) 788-0080

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHANEL, INC., | Civil Action No.: |
|  | 2:08-CV-02903 DDP (SSx) |
| Plaintiff, |  |
|  | FINAL ORDER ON |
| v. | CONSENT FOR |
|  | PERMANENT INJUNCTION |
| PERFUME SOURCE, INC., | AND MONETARY RELIEF |
| MAHYAR RABBANIAN | AGAINST DEFENDANTS |
| and JOHN DOES 1-10 | PERFUME SOURCE, INC., |
|  | AND MAHYAR RABBANIAN |
| Defendants. |  |

Plaintiff Chanel, Inc. ("Plaintiff" or "Chanel") and Defendants Perfume Source, Inc. ("Perfume Source") and Mahyar Rabbanian ("Rabbanian"; together with Perfume Source, the "Defendants") stipulate and consent to the following:

WHEREAS, Chanel has been using the trademarks CHANEL, CHANCE, COCO MADEMOISELLE, COCO, and the CC Monogram (collectively the "Chanel Trademarks") on and in connection with fragrances and fragranced beauty products, and owns U.S. federal trademark registrations for such marks in connection with such goods;

WHEREAS, COCO MADEMOISELLE is bottled in a distinctive bottle whose shape and stopper design are both the subject of valid U.S. federal trademark registrations (the "Bottle Trademarks");

WHEREAS, Chanel bottles its CHANCE fragrance in a dispenser that is the subject of U.S. Design Patent Registration No. D 471086, which design patent is valid, subsisting and in full force and effect (the "Dispenser Patent");

WHEREAS, the CHANCE fragrance of Chanel is packaged in a distinctive box used since 1995 consisting of a hot pink front and back panel with champagne gold sides and top panels together with the words "CHANCE" and "CHANEL" in block capitals with CHANCE in reflective lettering and CHANEL beneath it in black lettering (the "CHANCE Box Trade Dress");

WHEREAS, CHANCE fragrances are sold in a distinctive clear round bottle with a metal band encircling the outside of the bottle, a square stopper with the CC Monogram embossed on the top and the name CHANCE CHANEL centered on the front of the bottle with CHANCE in a metallic print and CHANEL in block print appearing directly below the CHANCE mark (the "Chance Bottle Trade Dress");

WHEREAS, COCO MADEMOISELLE fragrances are packaged in a distinctive pearl white box with a gold border on the top and bottom of the box and the words COCO MADEMOISELLE in block capital letters, one beneath the other, followed by the words "Chanel" and "Paris" (the "COCO Box Trade Dress");

WHEREAS, the Defendants have imported, distributed, advertised, promoted, offered for sale and sold the fragrance products shown in Exhibit A in bottles and using stoppers that are counterfeits of the Bottle Trademarks and that were sold under marks or in packaging that intentionally infringe on the Chanel Trademarks,

the Bottle Trademarks, the Dispenser Patent, the CHANCE Box Trade Dress, and the COCO Box Trade Dress (collectively the "Chanel Indicia" shown in Exhibit B̲);

WHEREAS, Chanel commenced this action on May 2, 2008 by filing the complaint herein against the Defendants and John Does 1-10, charging them with trademark infringement under Section 32(1) of the United States Trademark Act of 1946 as amended (the "Lanham Act"), 15 U.S.C. § 1114(1); trademark counterfeiting under § 34(d) of the Lanham Act, 15 U.S.C. § 1116(d); design patent infringement under § 271 of the Patent Act, 35 U.S.C. § 271; trade dress infringement, false designation of origin, unfair competition, and false advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement and unfair competition under the common law and under California State Law, Cal. Bus. & Prof. Code § 17200, et seq. (the "Civil Action"), which claims arise out of Defendants' copying and infringement of the Chanel Indicia;

WHEREAS, each of Perfume Source and Rabbanian were duly served with the Complaint, have acknowledged service and have appeared in this action through counsel;

WHEREAS, Perfume Source and Rabbanian each have agreed to enter into this Final Order on Consent for Permanent Injunction and Monetary Relief;

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      This Court has jurisdiction over the subject matter of the Civil Action and personal jurisdiction over each of the Defendants.

2.      In connection with the entry of this Order, Defendants have jointly and severally made the following representations which are material terms of and form the basis for entry into this Order and upon which Chanel and the Court have relied:

1    (a)    As of May 17, 2008, Defendants, jointly and severally, and each
2    of their employees, servants, affiliates, agents, licensees and any entities owned or
3    controlled in whole or in part by either of the Defendants and all those in active
4    concert and participation with any of the Defendants have permanently ceased and
5    discontinued the display, advertising, offering for sale and sale of any of the products
6    shown in Exhibit A and have further permanently ceased and discontinued any and
7    all use of the Chanel Indicia on or in connection with any product other than genuine
8    Chanel product and have otherwise ceased all use of any phonetic equivalent or
9    confusingly similar variant of any of the Chanel Indicia or any other names, marks,
10   designs, packaging or trade dress that are intended to called to mind or be associated
11   with Chanel or any of its goods;

12   (b)    As of the execution of this Order, the Defendants had no
13   outstanding orders for products bearing or sold under the Chanel Indicia or for any of
14   the goods shown in Exhibit A;

15   (c)    Other then the products shown in Exhibit A, Defendants have not
16   imported, displayed, advertised, offered for sale or sold any other products that are
17   intended to copy, simulate or otherwise be imitations of any fragrance sold or offered
18   for sale by Chanel or that otherwise bear any unauthorized copy or simulation of any
19   of the Chanel Indicia;

20   (d)    As of their execution of this Order, Defendants had in their
21   possession or control the following inventory of products shown in Exhibit A:
22   approximately 1500 units of CHANGE and 500 units of COOC.;

23   (e)    Defendants obtained the products shown in Exhibit A from Luca
24   Bossi, 11#,YIDONG Industry Area Wuyan Road, Zip: 322000, Tel: 86-0579—
25   85166915, 85166913, Fax +86-579-85072530;

26   (f)    Defendants purchased the products shown in Exhibit A over the
27   period January 2007 to February 2007.  With respect to the product called

28

1  CHANGE, Defendants purchased approximately 5000 units of product, disposed of

2  3500 units, have 1500 units in inventory and made a gross profit of approximately

3  $6125.00. With respect to the product COOC MADEMOISELLE, Defendants

4  purchased approximately 5000 units of product, disposed of 4500 units, have 500

5  units in inventory and made a gross profit of approximately $7875.00;

6        (g)    Defendants have permanently discontinued all importation,

7  distribution, advertising, marketing, offering for sale and sale of the products bearing

8  the Chanel Indicia (except for genuine goods) and the products shown in Exhibit A;

9        (h)    Defendants acknowledge that the Court has jurisdiction over

10  them to enter and enforce this Order against them; Defendants consent to entry of

11  this Order; and Defendants each have the legal capacity to enter into this Order and

12  to carry out all obligations and requirements herein.

13      3.    Defendants' importation, advertising, display, offering for sale and sale

14  of the products shown in Exhibit A violate Chanel's rights in its trademarks, design

15  patents and trade dress. Defendants' misuse of the Chanel Indicia or variants thereof

16  including its sale of the products shown in Exhibit A is likely to cause confusion, or

17  to cause mistake or to deceive consumers into believing that such goods originate

18  from, are affiliated or associated with or are sponsored or approved by Chanel in

19  violation of 15 U.S.C. §§ 1114(1), 1125(a), California Bus. & Prof. Code § 17200,

20  and the common law. Defendants' actions further constitute use of counterfeits of

21  the Bottle Trademarks pursuant to 15 U.S.C. § 1116(d) and design patent

22  infringement in violation of 35 U.S.C. § 271.

23      4.    Based on Defendants' use of the Chanel Indicia and its violations of the

24  law, the Court orders that Defendants, jointly and severally, shall pay to Chanel the

25  sum of $25,000. Payment shall be made by wire transfer or certified check

26  contemporaneously with Defendants' execution of this Order. Defendants shall

27  ensure that there are sufficient funds in the bank account from which the wire

28

1   transfer is sent such that payment clears.  Should Defendants fail to provide the
2   payment required herein or should any funds not clear, Defendants shall be deemed
3   jointly and severally in contempt of this Order.

4       5.      The Defendants jointly and severally, and each of their respective
5   officers, directors, servants, employees, agents, privies, shareholders, principals,
6   licensees, attorneys, successors, affiliates, parents, subsidiaries, assigns, heirs and
7   designees and any and all persons in active concert or participation with any of them
8   and any entity owned or controlled by any of the Defendants now or in the future
9   who receive notice of this Order directly or otherwise, are hereby permanently
10  enjoined and forever restrained from:

11          (a)      importing, ordering, purchasing, manufacturing, arranging for the
12  manufacture, displaying, promoting, advertising, distributing, offering for sale, or
13  selling any of the goods shown in Exhibit A;

14          (b)      imitating, copying, or making unauthorized use of any of the
15  Chanel Indicia, or any variation, simulation or colorable imitations thereof or any
16  other patents, trademarks or trade dress owned by Plaintiff other than in connection
17  with the sale of genuine Chanel product;

18          (c)      importing, manufacturing, producing, using, distributing,
19  circulating, advertising, selling, offering for sale, promoting, or displaying any
20  product bearing any simulation, reproduction, counterfeit, copy, or colorable
21  imitation of any of the Chanel Indicia other than genuine Chanel product;

22          (d)      using any simulation, reproduction, counterfeit, copy, or
23  colorable imitation of any of the Chanel Indicia, any mark or trade dress confusingly
24  similar thereto, in connection with the importation, promotion, advertisement,
25  display, sale, offering for sale, manufacture, production, circulation, or distribution
26  of any product other than genuine Chanel product;

27
28

1     (e) using any false designation of origin or false description

2 (including, without limitation, any letters or symbols), or performing any act other

3 than selling genuine Chanel product, that can, or is likely to, lead members of the

4 trade or public to believe that Defendants are associated with Chanel or that any

5 product imported, manufactured, distributed, advertised, displayed, promoted,

6 offered for sale, or sold by Defendants is in any manner associated or connected with

7 Chanel, is genuine product of Chanel, or is authorized, licensed, sponsored or

8 otherwise approved by Chanel;

9     (f) transferring, consigning, selling, shipping, or otherwise moving

10 any of the goods shown in Exhibit A;

11     (g) disposing, destroying, altering, moving, removing, concealing,

12 tampering with, or in any manner secreting any business records (including computer

13 records) of any kind including invoices, correspondence, books of account, receipts,

14 or other documentation relating or referring in any manner to the manufacture,

15 advertising, receiving, acquisition, importation, promotion, display, purchase, sale,

16 offer for sale or distribution of any of the goods shown in Exhibit A;

17     (h) engaging in any other activity constituting unfair competition

18 with Chanel, or constituting an infringement of any of the Chanel Indicia;

19     (i) instructing, assisting, aiding or abetting any other person or

20 business entity in engaging in or performing any of the activities referred to in

21 subparagraphs (a) through (h) above.

22   6. Defendants shall deliver up to Chanel's attorney for destruction all

23 remaining inventory of products shown in Exhibit A and any other products bearing

24 any unauthorized copies, imitations or colorable simulations of any of the Chanel

25 Indicia together with all  tags, signs, packaging, wrappers, promotional and

26 marketing materials, advertisements and other materials relating thereto (a) currently

27 in their possession or under their control or (b) recalled by Defendants pursuant to

28

1  any Order of the Court or otherwise, and permitting Chanel to destroy such materials
2  without compensation to Defendants.

3      7.    Defendants shall issue a notice of recall to all retailers, wholesalers,
4  resellers or distributors to whom they have sold 5 or more units of any of the goods
5  shown in Exhibit A asking for the return of such goods. Defendants shall bear all
6  costs of the recall including reimbursing any purchasers the purchase price. Copies
7  of the notices shall be sent to Chanel at the same time they are sent out by
8  Defendants which shall be no later than 5 business days after Defendants' execution
9  of this Order. All items returned to Defendants shall be turned over to Chanel
10  pursuant to paragraph 6 above.

11      8.    Defendants shall make available to Chanel for review, inspection and
12  copying, all books, records (including all hard drives on computers used for business
13  purposes, including servers, as well as all computer discs and backup discs) and
14  other documents concerning all transactions relating to the importation, promotion,
15  advertising, display, offering for sale, or sale of the products shown in Exhibit A or
16  any other product incorporating or bearing an unauthorized copy or imitation of, or
17  that is confusingly similar to any of the Chanel Indicia, and provide Chanel the
18  names, addresses and all other contact information in their possession, including
19  telephone and fax numbers for (a) the source of such products including all
20  manufacturers, distributors and/or suppliers, and (b) all retailers, wholesalers,
21  distributors or resellers to whom Defendants have sold, distributed or supplied such
22  products.

23      9.    Defendants are directed to provide to Chanel with their executed copy
24  of this Order, copies of all invoices, receipts or other similar materials relating to
25  their purchase, and sale of the goods shown in Exhibit A, as well as documents
26  sufficient to identify the source or manufacturer of such goods and any retailer,
27  wholesaler, distributor or reseller to whom the goods were sold.

28

1      10.    Each of the Defendants shall provide reasonable assistance to Chanel in

2  the event Chanel pursues legal action against any source or manufacturer of the

3  goods shown in Exhibit A or any retailers, wholesalers, resellers or distributors to

4  whom Defendants sold such goods.  Such action may include, but is not limited to,

5  turning over business records as requested by Chanel or giving testimony at

6  deposition or trial.  Neither of the Defendants shall take any action that could hinder

7  any claims against their source or customers and neither Defendant shall contact

8  their source or customers.

9      11.    Should Perfume Source or Rabbanian violate any provision of this

10  Order, including the requirement for monetary payment, Chanel shall be entitled, in

11  addition to all relief under 18 U.S.C. § 401, *et seq.* for contempt of a Court Order,

12  including costs and reasonable attorneys' fees, to the following relief and remedies:

13      (a)    to the extent Defendants fail to make payment to Chanel pursuant

14  to Paragraph 4 above, Defendants shall be ordered to pay to Chanel all monetary

15  relief outstanding, together with interest which shall accrue from the date payment is

16  due under the terms of this Order, any penalties or damages assessed by any bank in

17  connection with the processing of any payments and reimbursement of all of

18  Chanel's attorneys' fees incurred in connection with obtaining the required payment;

19      (b)    to the extent any Defendant uses a counterfeit of any of the

20  Chanel Indicia, the Defendant(s) found to be using such counterfeits shall pay to

21  Chanel $50,000 for each different product being sold that includes, bears or is sold

22  under any Counterfeit Indicia;

23      (c)    to the extent any Defendant promotes, manufactures, distributes,

24  markets, sells or offers for sale any item that infringes on any of the Chanel Indicia,

25  that Defendant shall pay three times its gross profit from the sale of such items

26  bearing or sold under the indicia, whichever is greater;

27

28

(d)   all of Chanel's costs and attorneys' fees incurred in connection with bringing any action for violation of this Judgment;

(e)   all investigation costs incurred by Chanel in learning of and assessing the breach.

The remedies set forth above are in addition to any other contempt remedies to be determined by the Court, which may include additional fines and seizure of property.

12.   This Order is in full settlement of all claims asserted in the Civil Action, all relief and remedies requested in the Civil Act, and all defenses and counterclaims that were or could have been asserted by the Defendants in the Civil Action and all relief and remedies requested or that could have been requested by Defendants, and shall constitute a final adjudication on the merits as to any such claims, counterclaims and defenses.

13.   The parties to this Order waive all right to appeal from entry of this Order.

14.   The Defendants shall each file with the Court and serve upon Plaintiff's counsel within 30 days after entry of this Order a report in writing under oath, affirming compliance with the terms of this Order.

15.   This Order shall resolve only those claims and demands that were asserted in the instant action against the Defendants, as well as those claims that could have been asserted but were not.  Nothing herein shall prohibit Chanel from bringing any action against the Defendants, individually or collectively, based on any name or mark that is not the subject of this Order.

16.   The Defendants each acknowledge that they have obtained advice of counsel with respect to this Order.  The Defendants each further acknowledge that their decision to enter into this Agreement was not influenced by any promises, representations, or statements made by Plaintiff or anyone acting on its behalf other than those set forth in this Order.

1    17.    This Court shall retain jurisdiction over this matter and the parties to it
2    to enforce the terms of the Order and for purposes of making any other orders
3    necessary to implement the terms of this Order and to punish or award damages for
4    violation thereof.
5        18.    By their signatures and acknowledgments below, the parties understand
6    and agree to be bound by the terms of this Order.
7        19.    This Order is a final Order.
8
9    Dated:    Los Angeles, California
             July 29, 2008
10
11
12                                    SO ORDERED:
13
14                                    Dean D. Pregerson
                                      United States District Judge
15
16   STIPULATED AND AGREED:
17
18   Dated:  New York, New York         CHANEL, INC.
             July 8, 2008
19
20                                    By: _____
21
22                                    Name: VERONICA L. HRDY
23                                    Title: Vice President - General
24                                                    Counsel
25
26
27
28

                                    (F0312850.1) 11

Dated: Los Angeles California                PERFUME SOURCE, INC.
       July 15, 2008

                                             By: _____

                                             Name: MAHYAR RABBANIAN

                                             Title: OWNER

Dated: Los Angeles California                MAHYAR RABBANIAN
       July 15, 2008

                                             By: _____

                                             Approved as to Form:

Dated: Beverly Hills, California             LAW OFFICES OF SEPEHR
       July 15, 2008                         DAGHIGIAN

                                             By: _____
                                                 Sepehr Daghighian
                                                 433 North Camden Drive, Fourth Floor
                                                 Beverly Hills, California 90210
                                                 Tel: (310) 887-1333
                                                 Fax: (310) 887-1334
                                                 Email: sepehr@daghighian.com
                                                 *Attorney for Defendants, Perfume Source,*
                                                 *Inc. and Mahyar Rabbanian*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: Beverly Hill, California
July 21, 2008

BERRY & PERKINS

By: _____
Kevin Lussier
2049 Century Park East, Suite 950
Los Angeles, California 90067-3134
Tel: (310) 557-8989
Fax: (310) 788-0080

{F03:2850.1} 13

# EXHIBIT A

















**PROOF OF SERVICE**

1

2      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action, and my business address is Berry & Perkins (the "business"), 2049 Century Park East, Suite 950, Los Angeles, California 90067.

3

4      On July 25, 2008, I caused the following document to be served: on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed

5   as follows: **FINAL ORDER ON CONSENT FOR PERMANENT INJUNCTION AND MONETARY RELIEF AGAINST DEFEDANTS PERFUME SOURCE, INC. AND**

6   **MAHYAR RABBANIAN**

7      Sepehr Daghighian, Esq.
LAW OFFICES OF SEPEHR DAGHIGHIAN

8      433 N. Camden Drive, 4th Floor
Beverly Hills, California  90210

9

 __X__   **BY REGULAR U.S. MAIL:** I am readily familiar with the business' practice for

10   collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service

11   the same day of deposit in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this

12   date, following ordinary business practices, in the United States mail at Los Angeles, California.

13

14   ___   **BY FACSIMILE TRANSMISSION:** I sent a true and complete copy of the document(s) described above by facsimile transmission to the telephone number(s) set

15   forth opposite the name(s) of the person(s) set forth above.

16   ___   **BY FEDERAL EXPRESS OVERNIGHT DELIVERY OR OTHER EXPRESS OVERNIGHT SERVICE:** I declare that the foregoing described document(s)

17   was(were) deposited on the date indicated below in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver

18   authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for,

19   addressed to the person(s) on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on this office.

20   ___   **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the above address(es).

21

22   ___   **BY ELECTRONIC MAIL:** I caused such document to be delivered electronically to the e-mail address(es) above.

23   __X__   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

25      Executed on July 25, 2008, at Los Angeles, California.

26                                   /s/ *Kate E. Oyler*
                                   Kate E. Oyler

27

28

**STIPULATION FOR ENTRY OF FINAL ORDER ON CONSENT FOR PERMANENT INJUNCTION AND MONETARY RELIEF AGAINST DEFENDANTS**

BERRY & PERKINS
A PROFESSIONAL CORPORATION